UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

Edelio R. Espinosa,
and other similarly
situated individuals,

    Plaintiff(s),

v.

Gulf Coast Power And Light Co.

    Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Edelio R. Espinosa and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant Gulf Coast Power And Light Co., and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Edelio R. Espinosa is a resident of Lee County, Florida, within the jurisdiction of this Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Gulf Coast Power And Light Co (from now on Gulf Coast Power Co. or Defendant) is a Florida Profit Corporation doing business in Lee County, Florida, within this Court Jurisdiction.

4. Defendant Gulf Coast Power Co. was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. At all times material, Defendant was and is engaged in interstate commerce.

5. All the actions raised in this Complaint occurred in Lee County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Edelio R. Espinosa as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more

than forty (40) hours during one or more weeks on or after July 2032, (the "material time") without being adequately compensated.

7. Defendant Gulf Coast Power Co. is an electrical contractor specializing in commercial and residential electrical installations, maintenance, and repair services. Gulf Coast Power Co. is located at 200 Waldo Ave. N Unit 1, Lehigh, Florida 33971.

8. Defendant Gulf Coast Power Co. was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is an electrical company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was an electrician helper who handled and worked with goods and materials that were moved in

interstate commerce at any time during the business. Therefore, there is individual coverage.

10. Defendant Gulf Coast Power Co. employed Plaintiff Edelio R. Espinosa as a non-exempt, full-time, hourly employee from approximately July 17, 2023, to October 06, 2023, or 11 weeks.

11. Plaintiff worked under the supervision of manager Mike Sapp and leadman Henry Haigh.

12. During the relevant period, Plaintiff performed as an electrician helper, and he was paid an hourly rate of $18.00. Plaintiff's overtime rate should be $27.00 an hour.

13. While employed by Defendant, Plaintiff worked five days per week on an irregular schedule. Plaintiff worked on Monday from 5:30 AM to 3:30 PM (10 hours). On Tuesdays and Wednesdays, Plaintiff worked from 6:00 AM to 3:30 PM (9.5 hours). On Thursdays Plaintiff worked from 6:00 AM to 2:30 PM (8.5 hours) and on Fridays Plaintiff worked from 6:00 AM to 1:30 PM (7.5 hours). Plaintiff worked a total of 42.5 hours weekly. Plaintiff has deducted 2.5 hours of lunchtime (0.5 x 5 days=2.5 hours).

14. Plaintiff worked more than 40 hours every week, but he was paid less than 40 hours because Defendants did not recognize 30 minutes of meeting time

on Mondays and a minimum of three days in which Plaintiff left the shop at 3:30 PM.

15. Thus, Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours as required by law.

16. Furthermore, during his first 4 weeks of employment, Defendant deducted from Plaintiff's working hours 2.5 hours of lunchtime, although Plaintiff was not allowed to take bonafide lunchtime hours. Those 2.5 lunchtime hours constitute 2.5 unpaid overtime hours for 4 weeks.

17. Plaintiff clocked in and out through a telephone application and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant knew the number of hours worked by Plaintiff.

18. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

19. Plaintiff was paid by direct deposits with paystubs that did not provide accurate information such as the number of days and hours worked.

20. Plaintiff disagreed with his extended working hours and the lack of payment for regular and overtime hours, and he complained several times to his superiors.

21. On or about October 06, 2023, Defendant fired Plaintiff due to discriminatory reasons. Plaintiff is in the process of filing his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.

22. Plaintiff Edelio R. Espinosa seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, liquidated damages, and any other relief as allowable by law. Plaintiff also claims any unpaid regular hours (hours before 40) resulting from discovery.

## Collective Action Allegations

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

25. This action is intended to include every electrician, electrician helper, and any similarly situated individual who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

26. Plaintiff Edelio R. Espinosa re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. Defendant Gulf Coast Power Co. employed Plaintiff Edelio R. Espinosa as a non-exempt, full-time, hourly employee from July 17, 2023, to October 06, 2023, or 11 weeks.

28. During the relevant period, Plaintiff performed as an electrician helper, and he was paid an hourly rate of $18.00. Plaintiff's overtime rate should be $27.00 an hour.

29. While employed by Defendant, Plaintiff worked five days per week an irregular schedule. Plaintiff worked a total of 42.5 hours weekly. Plaintiff has deducted 2.5 hours of lunchtime (0.5 x 5 days=2.5 hours).

30. Plaintiff worked more than 40 hours every week, but he was paid less than 40 hours because Defendants did not recognize 30 minutes of meeting time on Mondays and a minimum of three days in which Plaintiff left the shop at 3:30 PM.

31. Thus, Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours as required by law.

32. Furthermore, during his first 4 weeks of employment, Defendant deducted from Plaintiff's working hours 2.5 hours of lunchtime, although Plaintiff was not allowed to take bonafide lunchtime hours. Those 2.5 lunchtime hours constitute 2.5 unpaid overtime hours for 4 weeks.

33. Plaintiff clocked in and out through a telephone application and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant knew the number of hours worked by Plaintiff.

34. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

35. Plaintiff was paid by direct deposits with paystubs that did not provide accurate information such as the number of days and hours worked.

36. Defendant fired Plaintiff on or about October 06, 2023, due to discriminatory reasons.

37. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant

did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

38. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

40. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   One Thousand One Hundred Forty-Seven Dollars and 50/100 ($1,147.50)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 11 weeks
   Relevant weeks of employment:  11 weeks
   Total number of hours worked: 42.5 weekly
   Unpaid O/T hours: 2.5 hours weekly
   Wage rate: $18.00 an hour x 1.5=$27.00 O/T
   O/T rate: $27.00 an hour

   1. Overtime for 7 weeks with 2.5 hours of unpaid O/T
      $27.00 x 2.5 O/T hours= $67.50 weekly x 7 weeks=$472.50

       2.- Overtime for 4 weeks with 5 unpaid O/T hours
       $27.00 x 5 hours O/T hours=$135.00 weekly x 5 weeks=$675.00

    Total #1 and #2: $1,147.50

   c. <u>Nature of wages (e.g., overtime or straight time):</u>
     This amount represents unpaid half-time overtime wages.

41. The Employer/Defendant always failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

42. Defendant knew and showed reckless disregard of the provisions for the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

43. Defendant Gulf Coast Power Co. willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these

overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Edelio R. Espinosa and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Edelio R. Espinosa and other similarly situated individuals and against Defendant Gulf Coast Power Co. based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Edelio R. Espinosa actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Edelio R. Espinosa demands a trial by a jury of all issues triable as of right by a jury.

Dated: October 31, 2023

                              Respectfully submitted,

                              By: **/s/ Zandro E. Palma**
                              ZANDRO E. PALMA, PA.
                              Florida Bar No.: 0024031
                              9100 S. Dadeland Blvd.
                              Suite 1500
                              Miami, FL 33156
                              Telephone:   (305) 446-1500
                              Facsimile:    (305) 446-1502
                              zep@thepalmalawgroup.com
                              *Attorney for Plaintiff*